In the matter of LANSING and others, infants.

Although a husband cannot be appointed guardian to sell the estate of his
infant wife, yet a third person may be appointed, with the consent of the
husband, to join with him in the sale.

A petition to sell the real estate of infants must be in the form prescribed by
the 158th rule; and the master should not act upon the petition unless it is
in the proper form as required by the rule.

The master to whom the petition is presented should ascertain the ages of
the infants, and the actual value of the estate proposed to be sold; and
he should also ascertain and certify what is the requisite sum in which
the security to each infant should be given according to the 157th rule.

THIS was an application on the part of the husband of May 1.
Jane E. Lansing, in behalf of his wife and two other infants,
for an order authorizing a sale of the infants' interest in a lot
of land in the city of Troy. The petition was presented to a
master, who certified thereon that the petitioner was a suitable
and proper person to be appointed the guardian for the purpo-
ses mentioned in the petition, and that the sureties offered by
him were each worth the requisite sum over and above all
debts; but without stating the age of the infants, or the value
of their respective interests in the property, or how much that
requisite sum was.

THE CHANCELLOR. The whole of this proceeding is irreg-
ular and improper; and the master has made this certificate
without authority, as well as without examination or reflec-
tion. In the case of *Whittaker,* (4 *John. Ch. R.* 378,) Chan-
cellor Kent decided that the husband could not be appointed
guardian to sell the estate of his infant wife. And in the case
of *Wilson and others,* (2 *Paige's R.* 412,) this court also held
that the general guardian of the infants, if they had one, was
the proper person to be appointed to sell their real estate, un-
less some sufficient reason was shown for substituting anoth-
er for that purpose. In drawing this petition, the standing
rules of the court have been wholly disregarded, both as to form
and substance; and the master should not have attempted to
act on such a petition. The caption of the petition is a viola-

VOL. III. 34

tion of the statute, and of the 10th rule of this court. The petition should also have been presented by the general guardian of the infants, if they have any ; and if they had no general guardian, that fact should have been stated in the petition. And all the other requirements of the 158th rule should have been complied with. The verification of the petition should have been in the form prescribed by the 18th rule. It was not sufficient for the master to certify that the persons offered as sureties were worth *the requisite sum,* in the words of the rule ; but he should also have gone into an examination as to the age of of the infants and the actual value of their several interests in the property, so far at least as to ascertain that the value of the property, as stated in the petition, was substantially correct. And from these data he should have ascertained and certified what was the requisite sum, according to the 157th rule, in which the security to each infant was to be given, and that each of the sureties was worth the requisite sum, over and above all debts ; so as to enable the court, upon the coming in of the petition and master's certificate, if a guardian was appointed, to direct the proper security to be given.

The petition in this case must be dismissed ; but with leave to the general guardian of the infants, if they have any, or their next friends, if they have no guardians, to join with the husband and renew the application upon a proper petition and master's certificate. Although the husband cannot be appointed the guardian of his wife for the purposes of the sale, I think some third person may be appointed, with the consent of the husband, to join with him in the sale, and thus convey the interest of the wife, under the statute. The general guardian of the estate of the infant wife, if she had one at the time of her marriage, is the proper person to be appointed for that purpose.